Sucesores de José Martínez v. Tomás Dávila & Co.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

Moción para desestimar la apelación.

No. 745.—Resuelto en octubre 18, 1911.

Apelación—Entrega de Copia de la Transcripción al Apelado—Desestimación de la Apelación.—La parte apelada solicitó en este caso que se desestimara la apelación porque el apelante no le había entregado copia del récord. Se resolvió que es deber del apelante entregar al apelado antes de archivar la transcripción de los autos en la Corte Suprema, una copia literal de dicha transcripción y hacerlo así constar debidamente, pero que esto no obstante, si se demuestra que el apelante entregó la copia después de dicho término pero antes de celebrarse la vista de la moción del apelado solicitando la desestimación del recurso, no procede dicha desestimación por tal motivo.

Id.—Pliego de Excepciones y Exposición del Caso—Desestimación de la Apelación.—El apelado solicitó también la desestimación del recurso, porque el apelante no elevó al Supremo el pliego de excepciones y la exposición del caso. Se resolvió que el primer párrafo del artículo 299 del Código de Enjuiciamiento Civil, enmendado por la ley número 70 de marzo 9, 1911, debe interpretarse relacionándolo con los otros párrafos de dicho artículo, porque sería absurdo establecer que deba elevarse siempre un pliego de excepciones y una exposición del caso, cuando la experiencia demuestra que hay casos en los que como en el presente, tales documentos no existen y son innecesarios para considerar y resolver debidamente el recurso.

Los hechos están expresados en la resolución del tribunal.

Abogados de los promoventes: Sres. Bosch y Soto.

Abogados de la parte contraria: Sres. Cayetano Coll y Cuchí y José Coll y Cuchí.

RESOLUCIÓN.

La Corte. Los demandantes y apelados presentaron una moción solicitando que se desestimara la apelación interpuesta por los demandados, 1º., porque no se les había entregado copia de la transcripción como dispone el artículo 299 del Código de Enjuiciamiento Civil, enmendado en 9 de marzo de 1911, y 2º., porque los apelantes no remitieron a este Tribunal Supremo el pliego de excepciones y la exposición del caso que se exigen por el citado artículo.

Los autos demuestran que con posterioridad a la presen-

tación de la moción y con anterioridad a la vista de la misma, los apelantes enviaron a los apelados una copia del récord de la apelación. En tal virtud no cabe desestimar el recurso por el primero de los fundamentos alegados. Véanse las resoluciones de esta corte en los casos de *García Nazario* v. *The American Railroad Company of Porto Rico*, y *Hernández* v. *The American Railroad Company of Porto Rico*, decididos el 10 de octubre actual.

Tampoco cabe desestimar el recurso por el segundo de los fundamentos aducidos, porque si bien es cierto que no se han elevado ningún pliego de excepciones ni ninguna exposición del caso, también es cierto que la apelación se interpuso contra una sentencia dictada sobre las alegaciones y que el legajo de la sentencia cuya copia certificada, junta con la del escrito estableciendo el recurso constituye la transcripción, está compuesto por la demanda, la contestación, la moción para que se dicte sentencia sobre las alegaciones y la sentencia dictada, según certificación del secretario del distrito.

Interpretar el párrafo primero del artículo 299 del Código de Enjuiciamiento Civil, enmendado en 1911, en el sentido de que en todos los recursos de apelación deban elevarse un pliego de excepciones y una exposición del caso, cuando la realidad demuestra que hay asuntos en que tales documentos no existen, ni son necesarios, sería absurdo. El primer párrafo citado debe relacionarse con los otros que contiene dicho artículo y especialmente con el último en el que se establece que "constituirá el récord de una apelación, la certificación que librará el secretario del tribunal *a quo* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación."

La moción se desestima.

*Desestimada la moción.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández, no tomó parte en la resolución de este caso.